UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. CR-23-204-R |
| | ) CIV-24-1107-R |
| LUCAS WHITMORE, | ) ) |
| Defendant. | ) |

## ORDER

Before the Court is Defendant Whitmore's pro se[1] Motion to Vacate Conviction/Sentence Under 28 U.S.C. § 2255 [Doc. No. 41]. Rule 4 of the Rules Governing Section 2255 Proceedings requires a sua sponte review of § 2255 claims. "If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the petition." Having reviewed Defendant's motion, the Court concludes that, without regard to Defendant's waiver of his right to seek collateral review, his claim is without merit.

Defendant entered a plea of guilty to one count of being a felon in possession of a firearm in violation of 18 U.S.C. §922(g)(1) and was sentenced to 60 months imprisonment. Defendant appealed, arguing that the sentence was substantively unreasonable, and the Tenth Circuit affirmed. *See United States v. Whitmore*, No. 23-6208, 2024 WL 4234973, at *1 (10th Cir. Sept. 19, 2024). Defendant now seeks to vacate his

---

[1] Because Petitioner is proceeding pro se, the Court affords his materials a liberal construction but does not act as his advocate. *Merryfield v. Jordan,* 584 F.3d 923, 924 n.1 (10th Cir. 2009).

sentence on the ground that, at least as applied to him, § 922(g)(1)'s prohibition on possession of a firearm by a felon violates the Second Amendment.

The Tenth Circuit has repeatedly rejected similar challenges to the constitutionality of § 922(g)(1), *see United States v. McCane,* 573 F.3d 1037, 1047 (10th Cir. 2009) and *Vincent v. Garland*, 80 F.4th 1197, 1202 (10th Cir. 2023), cert. granted, judgment vacated, No. 23-683, 2024 WL 3259668 (U.S. July 2, 2024),[2] and this Court "is bound to follow Tenth Circuit precedent unless it is overturned by the Tenth Circuit or a superseding contrary decision by the Supreme Court." *United States v. Carrero*, 635 F. Supp. 3d 1210, 1215 (D. Utah 2022).

Accordingly, Defendant's Motion to Vacate Conviction/Sentence Under 28 U.S.C. § 2255 [Doc. No. 41] is DENIED. Additionally, because the record conclusively shows that the prisoner is entitled to no relief, an evidentiary hearing is not warranted. Finally, pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, the Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant for habeas relief. A certificate of appealability may issue only if the applicant has

---

[2] *Vincent* was recently vacated and remanded for further consideration in light of the Supreme Court's decision in *United States v. Rahimi*, 144 S. Ct. 1889 (2024), which upheld the constitutionality of 18 U.S.C. § 922(g)(8) as applied. Prior to the remand, the Tenth Circuit concluded, in an unpublished decision, that *Rahimi* did not overrule Tenth Circuit precedent upholding the constitutionality of § 922(g)(1). *United States v. Curry*, No. 23-1047, 2024 WL 3219693, at *4 n.7 (10th Cir. June 28, 2024) (unpublished). Several district courts have reached the same conclusion. *United States v. Wallace*, No. 24-CR-00121-SEH, 2024 WL 4256707, at *3 (N.D. Okla. Sept. 20, 2024); *United States v. Sutton*, No. 24-CR-00168-SEH, 2024 WL 3932841, at *4 (N.D. Okla. Aug. 23, 2024); *United States v. Harris*, No. CIV-24-331-F, 2024 WL 3571756, at *4 (W.D. Okla. July 29, 2024). The Court agrees that *Rahimi* did not indisputably and pellucidly abrogate the Tenth Circuit's precedential opinion upholding the constitutionality of § 922(g)(1).

made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where the district court rejects the claim on the merits, the petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The Court finds this standard is not met in this case and a COA is therefore denied.

    IT IS SO ORDERED this 5th day of November, 2024.

*David L. Russell*
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE